**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BENJAMIN L. EAGLE**                                                                                        **PLAINTIFF**

VS.                         **CASE NO.: 4:10CV01512 DPM/BD**

**DUSTIN McDANIEL,** *et al.*                                                            **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite A149
      Little Rock, AR 72201-3325

## II.    Background:

Plaintiff brings this pro se Complaint (docket entry #2) under 42 U.S.C. § 1983, along with an Application for Leave to Proceed *in Forma Pauperis* (#1). The District Court referred the case to this Court for a recommendation. (#3)

For the reasons that follow, the Court recommends that the District Court DISMISS the Complaint (#2) and DENY the Application for Leave to Proceed *in Forma Pauperis* (#1) and the motion for expedited *in forma pauperis* ruling (#5) as moot.

This action arises from an accident that occurred on March 5, 2007.[1] Apparently, the accident involved Plaintiff and an individual insured by Progressive Insurance Company ("Progressive"). Although few details were provided, it appears that Progressive, its claims adjustor Josh Sanders, and its investigator Tom James reported to the Arkansas Department of Insurance ("ADI") that Plaintiff had staged the accident between himself and the individual insured by Progressive. An investigation by ADI employees Monty Vickers and Shirley Harrison ensued.

According to Plaintiff, the investigation resulted in Plaintiff's arrest at the ADI offices on February 8, 2008. The State of Arkansas and ADI special prosecutor Raymond Boyles brought state criminal charges against Plaintiff in the Pulaski County Circuit

---

[1] Plaintiff provided only the date of his arrest in the pending complaint. All other dates were established by reference to materials Plaintiff filed with a strikingly similar cause of action, *Eagle, et al. v. Puls, et al.*, Case No. 4:08CV211-SWW (E.D. Ark. dismissed April 25, 2008).

Court. According to Plaintiff, the Pulaski County Circuit Court has set Plaintiff's case for trial on February 16, 2011.

## III. Discussion:

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Although detailed factual allegations are not required, the complaint must contain sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

Pro se complaints are to be liberally construed, but they still must allege "sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court must dismiss the case if it determines that the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Here, Plaintiff seeks monetary damages in excess of $82 million dollars. (#2, p. 14-16) He does not seek injunctive or any other non-monetary relief.

Plaintiff cannot pursue his claims against any of the named Defendants. The Defendants who are state actors either are immune from suit or Plaintiff failed to state a

3

claim against them. The other named Defendants are not state actors and, therefore, cannot be sued under 42 U.S.C. § 1983.

    A.    *Attorney General Dustin McDaniel*

Plaintiff sues Attorney General Dustin McDaniel for allegedly refusing to enforce the Arkansas Speedy Trial statute and Arkansas Rules of Criminal Procedure. (#2, p. 2) Mr. McDaniel, as a public official, enjoys qualified immunity when exercising his discretion in carrying out his executive duties. *Walden v. Carmack*, 156 F.3d 861 (8th Cir. 1998).

Plaintiff alleges, in vague terms, that Mr. McDaniel failed to perform his official responsibilities. These allegations fail to state a claim against this Defendant because they arise out of his conduct in his official capacity.

Even if the Attorney General were not entitled to qualified immunity, the claim would still fail. Plaintiff claims Mr. McDaniel failed to enforce Arkansas law. A state actor's failure to follow state law or policy is not actionable under § 1983. See *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) (there is no federal constitutional interest in having state officers follow state law). The District Court should dismiss the claim against Attorney General McDaniel with prejudice.

B.   *Pulaski County Circuit Court Judge Herbert T. Wright*

Plaintiff sues Pulaski County Circuit Court Judge Herbert T. Wright for a number of alleged violations related to Plaintiff's state criminal case.  (#2, p. 2-5)  Judges sued under § 1983 are immune from liability for damages for "judicial acts" they perform, as long as they do not act in "absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-357, 98 S.Ct. 1099, 1104-1105 (1978).  Plaintiff does not allege that his criminal prosecution was outside of the jurisdiction of the Pulaski County Circuit Court.  Under Arkansas criminal law, State judges are presumed to have jurisdiction over cases it entertains unless evidence is admitted that affirmatively shows that the court lacks jurisdiction.  *Graham v. State*, 34 Ark.App. 126, 806 S.W.2d 32 (1991) (citing Ark. Code Ann. § 5-1-111(b)).

In his Complaint, Plaintiff has not alleged facts to show Judge Wright acted outside his jurisdiction; therefore, Judge Wright is immune from Plaintiff's claims under § 1983.  Any disagreement Plaintiff has with Judge Wright's decisions or rulings during the pendency of his state criminal case should be raised with the Arkansas appellate courts.  The District Court should dismiss the claims against Judge Wright with prejudice.

C.   *Arkansas Department of Insurance Prosecutor Raymond Boyles*

Plaintiff identifies Defendant Raymond Boyles as a special prosecutor for the ADI. He alleges Defendant Boyles acted with "negligence and deliberate indifference" during his prosecutorial role in the criminal case against him.  (#2, p. 5)  Plaintiff also alleges

that Defendant Boyles "did nothing to prevent or avert the outrageous conduct of employees Monty Vickers and Shirley Harrison." (#2, p. 5)

Plaintiff has failed to state a claim for relief against Defendant Boyles. "Prosecutors are entitled to absolute immunity for their conduct in initiating a prosecution and in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993). Plaintiff alleges that Defendant Boyles pursued charges based on hearsay and circumstantial evidence and insisted Plaintiff undergo a mental evaluation. He also allegedly forced Plaintiff to use a "line of defense that was not in the accused (sic) best interest." (#2, p. 5) These unsupported, conclusory allegations – even if true – reflect prosecutorial conduct in initiating and presenting the State's criminal case. Consequently, the allegations fail to state a claim against Defendant Boyle.

In addition, Plaintiff has failed to present any evidence or allegations that would render Defendant Boyle liable, in his supervisory capacity, for Defendant Vickers's and Harrison's conduct. See *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (no *respondeat superior* liability under 42 U.S.C. § 1983). The District Court should dismiss the claim against Defendant Boyles with prejudice.

D. *Investigators Monty Vickers and Shirley Harrison*

Plaintiff identifies Monty Vickers and Shirley Harrison as investigators for the ADI and alleges that they were negligent in handling the insurance investigation. (#2, p.

6

5-7)  Negligence, however, does not give rise to liability under 42 U.S.C. § 1983.  See *Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005) (*en banc*) (mere negligence insufficient to establish liability under § 1983).  Accordingly, the District Court should dismiss Plaintiff's § 1983 negligence claims against Defendants Vickers and Harrison with prejudice.

Plaintiff also claims that Defendants Vickers and Harrison slandered him, intentionally inflicted emotional distress, and lured Plaintiff to the ADI offices "for the purposes [of] entrapment for false arrest and imprisonment."  (#2, p. 6-7)  These claims, though not factually supported, constitute state tort claims.  Even so, Plaintiff has failed to provide a factual basis for these claims sufficient to state a claim for relief.  Instead of ordering Plaintiff to amend his complaint, the District Court should decline to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367(c)(3), as this Court recommends dismissal of all the 42 U.S.C. § 1983 claims that support federal jurisdiction in this action.  The District Court should dismiss these state tort claims without prejudice.

     E.    *Progressive Insurance Company, Josh Sanders, and Tom James*

Plaintiff sues Progressive, Josh Sanders, and Tom James for investigating and reporting Plaintiff's alleged insurance fraud to the ADI.  (#2, p. 7-8)  Plaintiff's allegations against these Defendants concern their role in providing information used to bring criminal charges against Plaintiff.  None of these individuals are state actors, as the

"mere invocation of state legal procedures is not state action." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 651 (8th Cir. 2008) (citations omitted).

"Only state actors can be held liable under Section 1983." *Id*. at 650. Accordingly, these Defendants are not subject to suit under 42 U.S.C. § 1983. Any potential claims against these Defendants would be state tort claims. The District Court should decline to exercise supplemental jurisdiction and dismiss state tort claims without prejudice.

  F. *Arkansas State Tort Claims*

Plaintiff attempts to raise several general state tort claims, including slander, defamation, the tort of outrage (intentional infliction of emotional distress), bad faith, and negligence. (#2, p. 11-16) These claims appear meritless at best, if not frivolous and malicious. Regardless of the lack of merit, the District Court should decline to exercise jurisdiction over these claims and dismiss them without prejudice. See *Figg v. Russell*, 433 F.3d 593, 600 (8th Cir. 2006) (holding dismissal of supplemental state law claims proper when district court dismisses the federal claims that provided the basis for federal jurisdiction).

In addition, based on Plaintiff's history of litigation in this Court and the content of the present Complaint, the District Court should direct the Clerk of Court not to accept any filings from Plaintiff without prior approval of the Court. See *Eagle v. Henry, et al.*, Case No. 4:09CV320-BSM, docket entry #84 and #88 (E.D. Ark. dismissed Oct. 28,

2009)(directing the Clerk not to accept filings from this Plaintiff without prior approval of the Court).

## IV.     **Conclusion:**

The Court recommends that the District Court DISMISS the Complaint (#2); DENY the Application for Leave to Proceed *in Forma Pauperis* (#1); and DENY the motion for expedited *in forma pauperis* ruling (#5) as moot. The District Court should DISMISS the claims against Attorney General Dustin McDaniel, Judge Herbert Wright, and Special Prosecutor Raymond Boyles WITH PREJUDICE.  The District Court should also DISMISS the negligence claims against Defendants Vickers and Harrison WITH PREJUDICE.

The District Court should DISMISS the remaining state tort claims against Defendants Vickers and Harrison WITHOUT PREJUDICE.  The District Court should DISMISS all claims against Progressive, Josh Sanders, and Tom James, along with the general state tort claims, WITHOUT PREJUDICE.

Based on Plaintiff's history of litigation in this Court, and the content of the present Complaint, the District Court should direct the Clerk of Court not to accept any filings from Plaintiff without prior approval of the Court.

The Court also recommends that the District Court certify, under 28 U.S.C. §1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

DATED this 3rd day of November, 2010.

                                        _____
                                        UNITED STATES MAGISTRATE JUDGE